In the Matter of the Estate of JOHN CONLEY, Deceased.

Surrogate's Court, Bronx County, June 24, 1930.

*John J. Moy,* for the petitioner.

*Alexander Alderman,* for the respondent.

HENDERSON, S.   The petitioner brings this proceeding to revoke letters of administration heretofore granted to the widow of his brother and alleges that the decedent was unmarried at the time of his death, that he left no will and that the administratrix is not his widow.

From the uncontradicted testimony it appears that the former husband of the respondent disappeared in 1908 from their home in New York county and that she never heard from him until 1921, when his brother called on her at the same house where she still lived and told her that her husband was dead.

The respondent claims that on June 3, 1924, she and the decedent agreed to enter matrimony; that the decedent then gave her a wedding ring on the inner side of which is engraved " J. C. to Fannie, June 3, 1924; " that they had a supper that night in celebration of the event at the home of one of her sisters which was attended by several of her relatives; that during that summer they rented an apartment in Bronx county, went there to live as husband and wife, and so lived openly and publicly until his death in 1929. This' contention is sustained by the testimony of tradespeople, a neighbor, the person who rented the apartment to them and collected the rent, the superintendent who collected the rent after their first landlord sold the house, friends of the decedent and relatives of the respondent.

Testimony to the contrary by relatives of the decedent is incon-

sistent with their visits to decedent and respondent at their home, at which the petitioner's sixteen-year-old daughter stayed at least ten days and nights with the knowledge and consent of her father. In a letter to the decedent, his sister-in-law referred to the respondent as " the Mrs." In answer to a question as to whether by " not legally married " he meant " not ceremoniously by a priest or rabbi," another brother of the decedent answered " exactly."

The petitioner has not shown that the respondent's former husband was living at the time of her marriage to the decedent, and hence he has not sustained his burden of proving that the later marriage was invalid. (*Matter of Tompkins*, 207 App. Div. 166.)

Upon all the evidence I find that the decedent and respondent contracted a valid common-law marriage on June 3, 1924 (*Boyd* v. *Boyd*, 252 N. Y. 422); that this second marriage of the respondent was never dissolved nor annulled and that the respondent is the widow of the decedent.

The application to revoke her letters of administration is denied. Costs to the respondent against the petitioner. Settle decision and decree accordingly.